IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KENNETH PHILLIPS,           :<br>                                                 :<br>           **Plaintiff**                  :<br>                                                 :<br>           VS.                                  :<br>                                                 :<br>COASTAL STATE PRISON, *et al.*,[1] :<br>                                                 :<br>           **Defendants**                :<br>_____ | CASE NO. 5:25-CV-00131-CAR-ALS |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Kenneth Phillips, a prisoner at Coffee Correctional Facility in Nicholls, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Now, after being ordered to do so by the Magistrate Judge (ECF No. 5), Plaintiff has filed a recast complaint (ECF No. 11). For the reasons discussed below, Plaintiff's civil action is **DISMISSED with prejudice**.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

---

[1] In the order to recast, Plaintiff was informed that the recast complaint would take the place of the original complaint. ECF No. 5 at 11. Thus, Plaintiff's recast complaint (ECF No. 11) is now the operative complaint in this civil action. *See also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.") (citations omitted). Plaintiff's recast complaint removes Coastal Administration, Washington Administration, Dodge Administration, Coffee Administration, and Tyrone Oliver as Defendants. ECF No. 11 at 1 and 4. Therefore, the Clerk of Court is **DIRECTED** to terminate them as Defendants. Plaintiff has added Coastal State Prison, Wardens of Coastal 2021, Washington State Prison, Wardens of Washington 2022/23, Dodge State Prison, Wardens of Dodge 2024, Coffee County Prison, Wardens of Coffee 2024/25 as Defendants. *Id*. Therefore, the Clerk of Court is **DIRECTED** to add these parties as Defendants.

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

I.  Plaintiff's Allegations

Plaintiff states that he was arrested in March 2021, and is in prison for a probation revocation based upon a "frivolous Aggravated Assault case that [he] was framed in." ECF No. 11 at 6. Plaintiff states that "Black people [,]not all[,] are much more racist than any other race on the planet already, but especially toward white people due to their lack of

3

proper education about American History." ECF No. 11-1. Plaintiff alleges that since "a supposed racial incident took place with the murder of Ammaud Auberry," there has been "evil targeted toward white people". ECF No. 11-1 at 1-2. Plaintiff is the "chosen vessel that GOD worked through to bring it into light for correction by our Federal Government system." ECF No. 11 at 5. Plaintiff claims that he, in particular, has "been targeted with evil intentions" from the administrations of the prisons where he has been incarcerated since 2021 due to racism. *Id*. These "evil intentions" include inmates and staff "lurking" around him, "false lible (sic)" that he is a "snitch," staff revealing him as a "whistleblower" by blowing a whistle, a "shakedown trying to have [him] knocked off," and "deliberately" placing him in housing with gang members. ECF No. 11-1 at 2-6. Plaintiff seeks declaratory and injunctive relief. ECF No. 11 at 6.

II. Analysis

"History teaches us that 'unless cases are pled clearly and precisely, ... [a] trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir.1996). Thus, the district courts are charged with the task to "narrow and define the issues from the earliest stages of the litigation". *Goodison v. Washington Mut. Bank*, 232 F. App'x 922, 923 (11th Cir. 2007) (citing *Ebrahimi v. City of Huntsville Bd. of Educ.,* 114 F.3d 162, 165 (11th Cir.1997). "Absent such efforts, shotgun notice pleadings ... would impede the orderly, efficient, and economic disposition of

4

disputes." *Id.*

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). The Eleventh Circuit has identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separate into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321−23. The unifying trait among the categories is that a plaintiff fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323; *see also Nurse*, 618 at 990 (citing *Anderson*, 77 F.3d at 366) (finding that a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief[.]").

The leniency afforded to *pro se* litigants does not permit them to file shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Such pleadings

divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006); *see also PVC Windoors,* 598 F.3d at 806 n. 4 (citations omitted) (finding that a "district court, faced with a crowded docket and whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials"); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (alterations in original) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008)) ("Shotgun pleadings 'waste scarce judicial resources,' 'inexorably broaden[ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'"). Therefore, the Eleventh Circuit has "condemned shotgun pleadings for decades" and upheld their dismissal by the district courts. *Nurse*, 618 F. App'x at 990; *see also Davis* 516 F.3d at 980 n. 54 ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times.").

Here, Plaintiff's complaint commits all the fatal pitfalls of shotgun pleadings. First, it is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts." *Weiland*, 792 F.3d at 1321−23. The problem with a pleading like this is that it forces both the Court and Defendants to guess what conduct the various counts and claims are referencing because the pleading alludes to "everything that the plaintiff has previously mentioned anywhere in the complaint." *See United States ex rel. Wallace v. Exactech, Inc.*, No. 2:18-cv-01010-LSC, 2020 WL 4500493, at *8 (N.D. Ala. Aug. 5, 2020) (quoting *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.5 (11th Cir. 2020)).

Second, the complaint is written in a sprawling, narrative form that is "replete with conclusory, vague, and immaterial facts" making it difficult to follow. *Weiland*, 792 F.3d at 1321–23; *see also Iqbal*, 556 U.S. at 678 (finding that Rule 8 requires a plaintiff to provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"). Lastly, Plaintiff's complaint fails to "separate into a different count each cause of action or claim for relief" and "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. Indeed, Plaintiff's claims are scattered throughout his factual narrative, intermingled with each other, are not connected to any particular Defendant,[2] and are predominantly based upon

---

[2] Four of Plaintiff's named Defendants are merely the prisons where he has previously been incarcerated. *See* ECF No. 1 at 1. Federal Rule of Civil Procedure 17(b) provides that the law of the state where the court is located determines an entity's capacity to sue or be sued. Thus, Georgia law controls this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities subject to suit: " '(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.' " *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)). The prisons themselves do not fall under any of these categories, and they are not entities that may be sued under § 1983. *See id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n. 1 (11th Cir. 2008) (per curiam); *Allen v. Brown*, No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia ... have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"); *Laster v. Ga. Dept' of Corr.*, Civil Action No. 5:21-cv-00464-TES, 2022 WL 4450485, at *3 (M.D. Ga. Sept. 23, 2022), *rev'd in part on other grounds*, No. 22-13390, 2023 WL 5927140 (11th Cir. Sept. 12, 2023) ("Georgia law makes it clear that individual prisons are not separate entities—rather, each prison is a unit of the Georgia Department of Corrections."). Because state prisons are not a proper party, any claims Plaintiff intended to raise against the prisons are subject to dismissal for failure to state a claim.

the impermissible theory of *respondeat superior* or vicarious liability. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Keith v. DeKalb County*, 749 F.3d 1034, 1047 (11th Cir. 2014) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability[.]"); *Asad v. Crosby*, 158 F. App'x 166, 170–72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

    Plaintiff was previously advised of the deficiencies with his pleading, and he was given the opportunity to recast his complaint. *See* ECF No. 5 at 8-13. In particular, the Magistrate Judge went to great lengths to inform Plaintiff why his complaint was an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure. *Id*. Instead of following the Court's guidance in recasting his complaint, Plaintiff has once again filed another shotgun pleading. ECF No. 11. Although the district court is charged with liberally construing a *pro se* litigant's pleadings, those pleadings are still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837. Any effort to sort possibly meritorious claims from the non-meritorious

ones in Plaintiff's civil action taxes limited judicial resources and derails the Court's obligation to administer justice in an orderly, efficient, and effective manner. *See PVC Windoors,* 598 F.3d at 806 n. 4.

"Filing a lawsuit is a serious matter, which often times results in significant consequences to the parties. And judicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal … continue in their recalcitrance". *Nurse*, 618 F. App'x at 990–91. Accordingly, a district court "possesses the inherent power to police its docket," including the imposition of "formal sanctions upon dilatory litigants." *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Such sanctions "can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*. Where a litigant has been reproached, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion". *Nurse*, 618 F. App'x at 990 (citing *Moon,* 863 F.2d at 837) (involving a *pro se* litigant who "stubbornly violated the Federal Rules and court orders").[3]

Accordingly, Plaintiff's complaint is **DISMISSED with prejudice** as an impermissible shotgun complaint that violates the Federal Rules of Civil Procedure. *See*

---

[3] Besides filing another impermissible shotgun pleading, Plaintiff also violated the Court's order on page limits. In the Court's order to recast, Plaintiff was directed that his "***total complaint must be no longer than ten (10) pages in its entirety.***" ECF No. 5 at 12 (emphasis from original). He was warned that if he failed to "fully comply" with the Court's Order, his complaint may be dismissed. *Id*. at 12, 13. Despite the Court's instructions, Plaintiff's complaint is thirteen pages and thus demonstrating further his disregard for the Court's orders and instructions. *See* ECF No. 11.

*Byrne v. Nezhat,* 261 F.3d 1075, 1133 (11th Cir.2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639 (2008) (holding in a shotgun pleading civil action that when a "plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case..."); *Gabriel v. Windy Hill Foliage Inc.*, No. 21-12901, 2022 WL 2288687, at *3 (11th Cir. June 24, 2022) (affirming the dismissal of a shotgun complaint where the district court had already given the plaintiff "one chance to amend, along with a veritable instruction manual on how to do so"); *Jean-Baptiste v. United States Dep't of Just.*, No. 24-12948, 2025 WL 561441, at *3 (11th Cir. Feb. 20, 2025) (citing *Vibe Micro*, 878 F.3d at 1296. (holding that when a plaintiff is advised of the deficiencies of his complaint and given the opportunity to replead, "[i]f the new complaint is also a shotgun pleading, the district court may then dismiss the action with prejudice.")

IV.     Conclusion

For the foregoing reasons, Plaintiff's complaint is **DISMISSED with prejudice** as a successive impermissible shotgun complaint in violation of the Court's order and the Federal Rules of Civil Procedure.

**SO ORDERED** this 6th day of October, 2025.

s/ C. Ashley Royal
C. Ashley Royal, Senior Judge
United States District Court
